# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

| | |
|---|---|
| BARBARA BURKHARDT,<br><br>    Plaintiff,<br><br>– against–<br><br>PLAIN GREEN, LLC,<br><br>HUNTINGTON DEBT HOLDING, LLC,<br><br>and ALLIANT CAPITAL MANAGEMENT,<br><br>    Defendant(s). | Civil Action No.   1:20cv195-SA-DAS<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

  Plaintiff, BARBARA BURKHARDT (hereinafter "PLAINTIFF"), by and through her attorneys, the Law Offices of Robert S. Gitmeid & Associates, PLLC, by way of Complaint against Defendants Plain Green, LLC ("PLAIN GREEN"), Huntington Debt Holding, LLC ("HUNTINGTON"), and Alliant Capital Management ("ALLIANT"), (together, "DEFENDANTS"), hereby allege:

1. This is an action for damages brought by an individual consumer for DEFENDANTS' violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter "FDCPA"), breach of contract, and breach of the implied covenant of good faith and fair dealing. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## PARTIES

2. PLAINTIFF, BARBARA BURKHARDT, is an adult residing in Columbus, Mississippi.

3. PLAINTIFF is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. DEFENDANT PLAIN GREEN is a business entity formed under the laws of the United States with its principal place of business located at 93 Mack Road, Box Elder, Montana 59521.

5. DEFENDANT HUNTINGTON is a limited liability company formed under the laws of the State of New York, with the principal purpose of collecting consumer debt, and its principal place of business located at 210 John Glenn Dr., Amherst, New York 14228.

6. DEFENDANT HUNTINGTON is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7. DEFENDANT ALLIANT is a limited liability company formed under the laws of the State of New York.

8. DEFENDANT ALLIANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction for any state claims contained within pursuant to 28 U.S.C. § 1367.

10. The Court's exercise of personal jurisdiction over DEFENDANTS is valid because a substantial part of the events and omissions giving rise to PLAINTIFF'S claim occurred within the Court's jurisdiction.

11. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

12. On or about February 14, 2019, PLAINTIFF entered into a settlement agreement with DEFENDANT PLAIN GREEN to settle and close PLAINTIFF'S Plain Green account ending in 4952. A copy of the settlement agreement letter, memorializing the terms of settlement, is attached hereto as **Exhibit A**.

13. Pursuant to the terms of the settlement agreement, PLAINTIFF was required to make twelve (12) payments totaling $1,674.00.

14. Pursuant to the settlement agreement, PLAINTIFF made seven (7) payments, totaling $826.00, to DEFENDANT PLAIN GREEN.

15. On or about August 10, 2019, DEFENDANT PLAIN GREEN without notice sold PLAINTIFF'S Plain Green account ending in 4952 to DEFENDANT HUNTINGTON.

16. On or about September 11, 2019, DEFENDANT ALLIANT contacted PLAINTIFF on behalf of DEFENDANT HUNTINGTON to begin collecting on PLAINTIFF'S Plain Green account. At this time, DEFENDANT ALLIANT and DEFENDANT HUNTINGTON agreed to honor the settlement agreement and set up the remaining payments, totaling $848.00.

17. PLAINTIFF made the remaining payments, totaling $848.00, to DEFENDANT ALLIANT.

18. In total, PLAINTIFF made payments totaling $1,674.00, fully executing the settlement agreement for PLAINTIFF'S Plain Green account. Proof of payments is attached hereto as **Exhibit B**.

19. On or about January 22, 2020, PLAINTIFF, via her debt settlement representative, contacted DEFENDANT ALLIANT. At this time, DEFENDANT ALLIANT

communicated that it had not received any of the payments made to DEFENDANT PLAIN GREEN. DEFENDANT ALLIANT further stated that a payment of $826.00 needed to be made to DEFENDANT ALLIANT by the end of the month or PLAINTIFF'S account could be recalled and additional fees would be added to the current balance of $3,248.21.

20. On or about January 31, 2020, DEFENDANT ALLIANT contacted PLAINTIFF, via her debt settlement representative. At this time DEFENDANT ALLIANT communicated to PLAINTIFF that PLAINTIFF'S settled account required a payment of $488.00.

21. At all times pertinent hereto, DEFENDANTS acted by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the DEFENDANTS herein.

22. At all times pertinent hereto, the conduct of DEFENDANTS, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## COUNT 1
(Violation of the FDCPA)

23. PLAINTIFF reasserts and incorporates herein by reference all facts and allegations set forth above.

24. The above contacts between DEFENDANT HUNTINGTON and PLAINTIFF constitute "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

25. The above contacts between DEFENDANT ALLIANT and PLAINTIFF constitute "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

26. FDCPA 15 U.S.C. § 1692(f) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

27. DEFENDANT HUNTINGTON engaged in abusive, deceptive, and unfair collection practices where DEFENDANT HUNTINGTON misrepresented the amount of debt owed by PLAINTIFF. This misrepresentation occurred on January 22, 2020, where DEFENDANT ALLIANT, on behalf of DEFENDANT HUNTINGTON, communicated to PLAINTIFF that PLAINTIFF owed an additional $826.00 in order to settle and close her account.

28. Additionally, DEFENDANT HUNTINGTON misrepresented the amount of debt owed by PLAINTIFF on January 31, 2020, where DEFENDANT ALLIANT, on behalf of DEFENDANT HUNTINGTON, communicated to PLAINTIFF that PLAINTIFF owed an additional $488.00 in order to settle and close her account.

29. DEFENDANT ALLIANT engaged in abusive, deceptive, and unfair collection practices where DEFENDANT ALLIANT misrepresented the amount of debt owed by PLAINTIFF. This misrepresentation occurred on January 22, 2020, where

DEFENDANT ALLIANT communicated to PLAINTIFF that PLAINTIFF owed an additional $826.00 in order to settle and close her account.

30. Additionally, DEFENDANT ALLIANT misrepresented the amount of debt owed by PLAINTIFF on January 31, 2020, where DEFENDANT ALLIANT communicated to PLAINTIFF that PLAINTIFF owed an additional $488.00 in order to settle and close her account.

31. DEFENDANT HUNTINGTON and DEFENDANT ALLIANT knew or should have known that their actions violated the FDCPA. Additionally, DEFENDANT HUNTINGTON and DEFENDANT ALLIANT could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

32. As a result of the above violations of the FDCPA, DEFENDANT HUNTINGTON and DEFENDANT ALLIANT are liable to PLAINTIFF for actual damages, statutory damages, attorney's fees and costs.

## COUNT 2

(Breach of Contract)

33. PLAINTIFF reasserts and incorporates herein by reference all facts and allegations set forth above.

34. On or about February 14, 2019, PLAINTIFF entered into a settlement agreement with DEFENDANT PLAIN GREEN to settle and close PLAINTIFF'S Plain Green account ending in 4952.

35. Pursuant to the terms of the settlement agreement, PLAINTIFF made payments totaling $826.00 to DEFENDANT PLAIN GREEN.

36. On or about August 10, 2019, DEFENDANT PLAIN GREEN sold PLAINTIFF'S Plain Green account ending in 4952 to DEFENDANT HUNTINGTON.

37. PLAINTIFF made the remaining five (5) payments, totaling $848.00, to DEFENDANT ALLIANT, who collected the payments on behalf of DEFENDANT HUNTINGTON.

38. In total, PLAINTIFF made payments totaling $1,674.00, fully executing the settlement agreement for PLAINTIFF'S Plain Green account.

39. PLAINTIFF'S Plain Green account ending in 4952 has not been closed as settled by either DEFENDANT PLAIN GREEN or DEFENDANT HUNTINGTON.

40. On or about January 22, 2020, DEFENDANT HUNTINGTON communicated to PLAINTIFF that PLAINTIFF'S account required an additional payment of $826.00.

41. On or about January 31, 2020, DEFENDANT HUNTINGTON communicated to PLAINTIFF that PLAINTIFF'S account required an additional payment of $488.00.

42. DEFENDANT HUNTINGTON'S actions constitute breach of contract where DEFENDANT HUNTINGTON purchased PLAINTIFF'S Plain Green account ending in 4952 and did not close PLAINTIFF'S account as settled and closed once PLAINTIFF fully executed the terms of the settlement agreement.

43. Additionally, DEFENDANT HUNTINGTON'S actions constitute breach of contract where DEFENDANT HUNTINGTON attempted to collect further on PLAINTIFF'S account.

44. In the alternative, DEFENDANT PLAIN GREEN'S actions constitute breach of contract where DEFENDANT PLAIN GREEN did not transfer the payments totaling $826.00 to DEFENDANT HUNTINGTON after the sale of PLAINTIFF'S account.

45. As a result of DEFENDANT HUNTINGTON and DEFENDANT PLAIN GREEN'S breach of contract, PLAINTIFF has suffered actual and monetary damages.

## COUNT 3

(Breach of the Implied Covenant of Good Faith and Fair Dealing)

46. PLAINTIFF reasserts and incorporates herein by reference all facts and allegations set forth above.

47. DEFENDANT HUNTINGTON and DEFENDANT PLAIN GREEN owed PLAINTIFF an implied covenant of good faith and fair dealing with respect to the settlement agreement entered.

48. By way of the foregoing conduct, DEFENDANT HUNTINGTON and DEFENDANT PLAIN GREEN breached the implied covenant of good faith and fair dealing that it owed to PLAINTIFF with respect to the settlement agreement.

49. DEFENDANT HUNTINGTON and DEFENDANT PLAIN GREEN have acted unreasonably and in bad faith and deprived PLAINTIFF of the benefit of the bargain of the settlement agreement by refusing to perform their obligations under the settlement agreement.

50. Specifically, DEFENDANT HUNTINGTON and DEFENDANT PLAIN GREEN owed a duty to PLAINTIFF to take all steps to honor the original agreement and to not engage in conduct that might result in the settlement agreement not being honored.

51. As a result of DEFENDANT HUNTINGTON and DEFENDANT PLAIN GREEN'S breach of the implied covenant of good faith and fair dealing, PLAINTIFF has suffered actual and monetary damages.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF demands that judgment be entered against DEFENDANTS as follows:

1) That judgment be entered against DEFENDANT HUNTINGTON and DEFENDANT ALLIANT for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2) That judgment be entered against DEFENDANT HUNTINGTON and DEFENDANT ALLIANT for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1962k(a)(3);

4) That judgment be entered against DEFENDANT HUNTINGTON and DEFENDANT PLAIN GREEN for actual and monetary damages accrued by PLAINTIFF as a result of DEFENDANTS breach of contract;

5) That judgment be entered against DEFENDANT HUNTINGTON and DEFENDANT PLAIN GREEN for actual and monetary damages accrued by PLAINTIFF as a result of DEFENDANTS breach of the implied covenant of good faith and fair dealing; and

6) That the Court grant such other and further relief as may be just and proper.

**BARBARA BURKHARDT**

/s/ Thomas Bellinder
Thomas Bellinder, Esquire (Bar No. 103115)
The Law Offices of Robert S. Gitmeid & Associates, PLLC
11 Broadway, Suite 960
New York, NY 10004
(866) 707-4595
*Counsel for Plaintiff*